816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Curtis HAIRSTON, Plaintiff-Appellant,
v.
M.D. TINGEN, Sgt.; Albert K. Pruitt, Defendants-Appellees.
 No. 86-7351.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided April 3, 1987.
 
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Charles Curtis Hairston, appellant pro se.
 Laura Ellen Crumpler, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Charles Hairston, a North Carolina inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Hairston initially filed his complaint which asserted that: (1) his personal property was confiscated without due process; (2) he was wrongfully charged with and found guilty of possession of unauthorized clothing as well as "bartering and trading"; (3) he was allowed only three witnesses at his disciplinary hearing; (4) his watch crystal was cracked by prison officials while his watch was in storage; and (5) he was demoted to medium custody and lost good-time credits as a result of the defendants' actions. The district court determined that North Carolina provided adequate post-deprivation remedies and thus Hairston had no action under Sec. 1983 for the alleged confiscation of or damage to his property. The court also determined that the prison's disciplinary procedures satisfied the minimum due process requirements. In response to the decision of the district court, Hairston filed a "Motion to Reconsider Order." Subsequently the court denied the motion, and Hairston appealed.
 
 
 2
 In pleadings following his initial complaint in the district court and on appeal, Hairston raised two additional claims arising out of the same set of circumstances--that his punishment violated the ex post facto clause and that the defendants subjected him to double jeopardy. The ex post facto clause of the Constitution prohibits a retrospective increase in the possible punishment for a crime. United States Constitution Art. I Sec. 10, clause 1. The purpose of this clause is to preclude states from making retroactive changes in laws. Hairston asserts that he was given the punishment of one to thirty days in segregation and loss of thirty days of his good-time credits. He contends that the transfer to medium custody was a violation of the ex post facto clause. Hairston has incorrectly interpreted that clause. There was no attempt to apply a retroactive law in this case.
 
 
 3
 Hairston claims that he was subjected to double jeopardy because he was given multiple punishments for the same offense. He contends that his demotion to medium custody was a separate and thus improper punishment. Hairston was transferred to medium custody because of his receipt of a high score under the "Case Factoring System" which is used by prisons to determine how to classify and house their inmates. 5 N.C.A.C. 2C .0100-.0105 (1984). There are no facts present which support Hairston's allegation that he was subjected to double jeopardy.
 
 
 4
 A review of the record and the opinion of the district court discloses that this appeal from its order denying relief under 42 U.S.C. Sec. 1983 is without merit. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below on the reasoning of the district court. Hairston v. Tingen, C/A No. 86-142-CRT (E.D.N.C., Aug. 20, 1986). Hairston's "Motion for Summary Judgment" and "Motion for Order Compelling Discovery" are denied.
 
 
 5
 AFFIRMED.